```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**PATTY J. CRIHFIELD and**
**R. KEITH CRIHFIELD,**

      **Plaintiffs,**

**v.**                    **//**    **CIVIL ACTION NO. 1:17CV34**
                                          **(Judge Keeley)**

**EQT PRODUCTION COMPANY,**
**EQT CORPORATION, EQT ENERGY, LLC,**
**EQT INVESTMENTS HOLDINGS, LLC, and**
**EQT GATHERING, LLC,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO TRANSFER [DKT. NO. 72] AND CONDITIONALLY TRANSFERRING THE CASE**

      The plaintiffs, Patty J. and R. Keith Crihfield ("collectively, "the Crihfields"), have moved to transfer their claims in this case to a related case at the Wheeling point of holding court that has been certified as a class action. The defendants, EQT Production Company, EQT Corporation, EQT Energy, LLC, EQT Investment Holdings, LLC, and EQT Gathering, LLC (collectively, "EQT"), oppose the transfer (Dkt. No. 73). For the following reasons, the Court **GRANTS** the Crihfields' motion (Dkt. No. 72) and **CONDITIONALLY TRANSFERS** this case to the docket of the Honorable John Preston Bailey.

**I.**

      The Crihfields are owners of oil and natural gas mineral interests in Doddridge County, West Virginia. On December 12, 2016,

**CRIHFIELD, et ux. v. EQT PRODUCTION, et al.                    1:17CV34**

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO TRANSFER [DKT. NO. 72] AND CONDITIONALLY TRANSFERRING THE CASE**

they filed suit in the Circuit Court of Doddridge County against EQT (Dkt. No. 1-1), alleging that EQT did not pay agreed upon royalties for the lease of their oil and natural gas mineral interests. Specifically, they allege that EQT deducted post-production costs, such as transportation and processing, in violation of the lease provisions. They further allege that EQT engaged in an elaborate scheme to use various corporate structures to pay its own subsidiaries and sister companies the post-production costs. On March 2, 2017, EQT removed the case to this Court based upon diversity of citizenship (Dkt. No. 1).

After EQT filed multiple motions to dismiss for failure to state a claim (Dkt. Nos. 3, 5, 7), the Crihfields moved for leave to amend their complaint (Dkt. No. 11). After the Court granted the motion, the Crihfields filed their amended complaint on March 27, 2017, asserting four causes of action: (1) Breach of Contract, (2) Breach of Fiduciary Duty, (3) Misrepresentation/Fraud, and (4) Punitive Damages (Dkt. No. 16).

When EQT Production Company ("EQT Production") filed its answer, it also filed a motion to dismiss Count Two, Breach of Fiduciary Duty, for failure to state a claim. (Dkt. Nos. 19; 20). EQT Corporation, EQT Energy, LLC, EQT Investment Holdings, LLC, and EQT Gathering, LLC (collectively, "the EQT Entities") moved to

**CRIHFIELD, et ux. v. EQT PRODUCTION, et al.            1:17CV34**

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO TRANSFER [DKT. NO. 72] AND CONDITIONALLY TRANSFERRING THE CASE**

dismiss Counts One through Four. In June 2017, at an initial scheduling conference, the plaintiffs indicated that the case should be stayed pending further developments in Leggett v. EQT Production, et al., 800 S.E.2d 850 (W. Va. 2017). Finding good cause to do so, the Court stayed the case (Dkt. No. 35).

During a status conference on September 7, 2017, the Court heard argument on the defendants' motions to dismiss and concluded that the Crihfields had failed to state a claim for Breach of Fiduciary Duty, but had adequately pleaded claims for Breach of Contract, Misrepresentation/Fraud, and Punitive Damages. It therefore dismissed Count Two of the amended complaint (Dkt. No. 38).[1]

During another status conference on September 14, 2017, the parties requested that the Court reimpose the stay in the case while a petition for writ of certiorari in Leggett was pending before the Supreme Court of the United States. The parties also advised that they intended to continue conducting discovery in related cases, including The Kay Company, LLC, et al. v. EQT Production Company, et al., Civil Action Number 1:13-CV-151 ("the Kay Company case")(Bailey, J.), and agreed that such discovery

---

[1] Shortly thereafter, the parties stipulated to the dismissal of defendant EQT Midstream Partners, LP (Dkt. No. 40).

**CRIHFIELD, et ux. v. EQT PRODUCTION, et al.          1:17CV34**

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO TRANSFER [DKT. NO. 72] AND CONDITIONALLY TRANSFERRING THE CASE**

would apply to the instant case. The Court stayed the case, and scheduled a discovery completion date of July 30, 2018 (Dkt. No. 40).

Following the completion of discovery, the Crihfields advised that they intended to seek leave to transfer their claims to the Kay Company class action pending before Judge Bailey. The Court set a schedule for briefing the motion to transfer (Dkt. No. 71). That motion is now fully briefed and ripe for disposition.

**II.**

28 U.S.C. § 1404(b) states in pertinent part, that "upon motion, consent or stipulation of the parties, any action, suit or proceeding of a civil nature . . . , may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district." In addition, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. 28 U.S.C. § 1404(a).

Here, the Crihfields seek a transfer to the Wheeling division of this District in order to pursue their claims as part of the Kay

4

**CRIHFIELD, et ux. v. EQT PRODUCTION, et al.**                       **1:17CV34**

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO TRANSFER [DKT. NO. 72] AND CONDITIONALLY TRANSFERRING THE CASE**

Company class action. The plaintiffs in Kay Company allege claims for breach of contract, fraud, and punitive damages against EQT and assert a theory of alter ego liability among the EQT Entities. Judge Bailey has certified the following subclass of natural gas lessors in the case:

> **All EQT natural gas lessors with flat rate leases converted by operation of W. Va. Code, § 22-6-8** and that received or were due to be paid royalties from defendants and EQT's production or sale of natural gas which was produced within the boundaries of the State of West Virginia from their estates during the period beginning December 8, 2008, and extending to the present (during any time within their leasehold period).

(Dkt. No. 72) (emphasis added). The Crihfields allege the following interest in the flat rate lease at issue in this case:

> Plaintiffs are the owners of those certain oil and natural gas mineral interests lying and being in Doddridge County, West Virginia, said interests described generally in lease [sic] **dated August 5, 1901**, and recorded in the Office of the Clerk of the County Commission of Doddridge County, West Virginia at Deed Book 19, Page 140, and referred to by defendants as Equitable Lease No. 104916 and containing 351 acres, more or less.

(Dkt. No. 16 at 1) (emphasis added).

The Crihfields' mineral interests fall within the subclass of flat rate leases that have been converted to 1/8 leases by operation of Chapter 22, Article 6, Section 8(e) of the West Virginia Code. As potential members of the subclass for lessors of

5

**CRIHFIELD, et ux. v. EQT PRODUCTION, et al.**                1:17CV34

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO TRANSFER [DKT. NO. 72] AND CONDITIONALLY TRANSFERRING THE CASE**

converted flat rate wells, the Crihfields seek the opportunity to pursue their claims against EQT as members of the Kay Company class.

In support of their motion, the Crihfields argue that, because this case and Kay Company involve the same claims, same defendants, and same theory of liability, transferring the case would permit "related litigation to be tried together," thereby preventing "multiplicity of litigation and . . . inconsistent results" (Dkt. No. 74 at 2). Moreover, the same discovery has been conducted in both cases, and the same fact and expert witnesses will testify at both trials (Dkt. Nos. 72 at 3; 74 at 2). Finally, a transfer will provide for judicial efficiency and conservation of judicial resources (Dkt. No. 74 at 2-3).

EQT asserts that the interest of justice weighs against transfer (Dkt. No. 73). The Crihfields' complaint was "filed years after . . . the class action complaint in Kay Company," and while the Crihfields could have filed their claims in the class action, they elected to file a separate case that has pending before this Court since March. Id. at 2-3. Nor is transfer necessary to "avoid trials involving lengthy and duplicative testimony from witnesses," inasmuch as this case involves "only one royalty payment practice." Id. at 3.

**CRIHFIELD, et ux. v. EQT PRODUCTION, et al.**               **1:17CV34**

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO TRANSFER [DKT. NO. 72] AND CONDITIONALLY TRANSFERRING THE CASE**

EQT contends that the Crihfields' request to transfer their case and join the class action, especially at this late stage, is "an impermissible attempt at forum shopping" based on rulings adverse to EQT in the Kay Company case. In support of this contention, it cites Judge Bailey's ruling that the defendants (i.e., the EQT Entities in this case) are alter egos of one another. Id. at 4-5.

### III.

After carefully considering the arguments of the parties, the Court concludes that this case should be transferred to Judge Bailey. First, transfer would not move the case out of the Northern District of West Virginia, but merely to another division within the District. 28 U.S.C. § 1404(b). Second, the Kay Company class action over which Judge Bailey currently presides presents the same substantive questions at issue here, namely whether EQT impermissibly deducted post-production costs from the lessors' royalty payments, and whether the EQT defendants are alter egos of one another. Transfer will avoid the possibility of disparate rulings or inconsistent results. Moreover, having previously agreed that the discovery in Kay Company shall apply to this case, the parties have already coordinated and completed discovery in both

**CRIHFIELD, et ux. v. EQT PRODUCTION, et al.**                     1:17CV34

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO TRANSFER [DKT. NO. 72] AND CONDITIONALLY TRANSFERRING THE CASE**

cases and have acknowledged that the same witnesses would testify at both trials. Third, the inclusion of the Crihfields' claims in the Kay Company case will prevent duplicative trials, thereby facilitating judicial efficiency and preserving limited judicial resources.

Finally, although EQT argues that the Crihfields are seeking to take advantage of Judge Bailey's rulings in Kay Company, the Court finds no blatant forum shopping. Judge Bailey's decision regarding the EQT Entities' alter ego status may ultimately be favorable to lessor-class members in Kay Company, but the plaintiffs in that case must still prevail on their breach of contract claim. Moreover, the Crihfields could not reasonably be seeking to circumvent some adverse ruling at this point of holding court inasmuch as the undersigned has not yet been presented with the opportunity to rule on the alter ego issue in this or any other case involving the EQT Entities.

**IV.**

The interest of justice weighs in favor of transferring the instant case to Judge Bailey. Therefore, for the reasons discussed, the Court **GRANTS** the Crihfields' Motion to Transfer Case (Dkt. No. 72) and **CONDITIONALLY TRANSFERS** this case to the docket of the

8

**CRIHFIELD, et ux. v. EQT PRODUCTION, et al.**                          1:17CV34

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO TRANSFER [DKT. NO. 72] AND CONDITIONALLY TRANSFERRING THE CASE**

Honorable John Preston Bailey at the Wheeling point of holding court, subject to Judge Bailey's approval of the Crihfields' participation in <u>The Kay Company, LLC, et al. v. EQT Production Company, et al.</u>, Civil Action Number 1:13-CV-151, as members of the subclass for lessors of converted flat rate wells.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: October 11, 2018.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE
